IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCAFCO CORPORATION                                                                                    PLAINTIFF

v.                                          Case No. 2:13-cv-02023

COAST TO COAST CARPORTS, INC.;
COAST TO COAST LOGISTICS, INC. d/b/a
COAST TO COAST CARPORTS; VENANCIO TORRES,
individually and as officer of COAST TO COAST
CARPORTS, INC. and COAST TO COAST
LOGISTICS, INC.; GERARDO TORRES, individually
and as officer of COAST TO COAST CARPORTS, INC.
and COAST TO COAST LOGISTICS, INC.; and
JORGE ZAVALA, individually and as officer of
COAST TO COAST CARPORTS, INC. and
COAST TO COAST LOGISTICS, INC.                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff Scafco Corporation's ("Scafco") motion for summary judgment (Doc. 11) and brief in support (Doc. 12), filed on March 4, 2013, against separate Defendant Coast to Coast Carports, Inc. ("Coast to Coast"). Coast to Coast failed to file a response in opposition to the motion.

Before examining the merits of the Scafco's claims against Coast to Coast, the Court observes that when faced with a summary judgment motion, the burden of proof is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in the light most favorable to the

party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In addition, the Eighth Circuit has held that a district court should not treat a party's failure to respond to a motion for summary judgment—as has occurred here—as sufficient justification to dispose of the motion without further analysis. *Canada*, 135 F.3d at 1213. Courts "should . . . proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.*

The complaint in this case presents a straightforward claim for breach of contract. Scafco is a Washington-based corporation that supplies steel to companies throughout the country. Scafco entered into a contract with Coast to Coast for the purchase of steel products. On April 6, 2010, Coast to Coast submitted an account credit application to Scafco to open a line of credit to be used for billing purposes. The credit application identified Defendant Jorge Zavala as secretary/treasurer of Coast to Coast, Defendant Venancio Torres as president, and Defendant Gerardo Torres as vice president. Scafco agreed to accept Coast to Coast's credit application and on May 10, 2010, sent Coast to Coast a credit approval letter which provided that all bills would be due on the tenth day of each month following the billing date, and late charges would be assessed at the rate of two percent per month.

After Scafco approved Coast to Coast's line of credit, Scafco began supplying steel products to Coast to Coast. Deliveries and payments then proceeded for the next two years without incident.

However, beginning in September of 2012, Coast to Coast failed to pay the invoices as required, despite Scafco's demand for payment. As of December 31, 2012, Coast to Coast had an outstanding unpaid balance of $172,861.52, which consisted of $166,318.85 in materials and delivery fees and $6,542.67 in late fees. Scafco attached to the complaint certain invoices that establish these amounts were owed by Coast to Coast. *See* Doc. 1-2.

On January 22, 2013, Coast to Coast submitted a payment to Scafco of $27,281.06. On February 4, 2013, Coast to Coast submitted a second payment of $5,267.54. After crediting these payments against the total amount owed, and adding on late charges for January and February of 2013, the total owed to Scafco by Coast to Coast as of March 4, 2013, was $146,020.74

In support of its motion for summary judgment, Scafco provided the Court with the declaration of Tess Ricard, Scafco's credit manager (Doc. 11-1), in which she affirmed the facts recited above. Coast to Coast did not challenge Ms. Ricard's affidavit or submit any proof to counter her sworn statement.

In reviewing the complaint in this case, it is evident to the Court that Scafco and Coast to Coast entered into a binding contract for goods pursuant to the terms of a written credit agreement. Coast to Coast failed to pay for goods it received, beginning in September of 2012. As of March 4, 2013, Coast to Coast owed $146,020.74 to Scafco. Interest continues to accrue each month until this principal amount is paid. Scafco has therefore stated a claim for breach of contract under Arkansas law, as the parties entered into a clearly-defined agreement to exchange goods for money. *See Williams v. J.W. Black Lumber Co.*, 275 Ark. 144, 147 (1982) (a complaint states the existence of a valid and enforceable contract when a defendant owes an obligation, defendant fails to follow through with the obligation, and plaintiff incurs damages resulting from the breach).

The Court finds that no genuine issue of material fact exists for trial and that Scafco is entitled to judgment as a matter of law on its breach of contract claim. Accordingly, Scafco's motion for summary judgment (Doc. 11) is **GRANTED** as to Defendant Coast to Coast Carports, Inc. in the amount of $146,020.74 plus interest accrued since March 4, 2013, as was contemplated by the parties' credit agreement. Judgment in favor of Scafco will enter contemporaneously with this order.

Scafco's claims against the remaining Defendants are preserved for trial.

**IT IS SO ORDERED** this 2nd day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE